## MARIA A. EUGSTER

### *v.*   ·

## BENEDICT EUGSTER.

[Submitted March 13th, 1917.   Decided May 25th, 1917.]

A wife cannot be denied a divorce for acquiescing in the separation from her of a husband who shows that he married her in order to plunder her, and who beats her and is otherwise cruel to her.

On petition for divorce on the ground of desertion, answer and cross-petition for divorce on the ground of desertion.

Heard on pleadings and proofs taken in open court.

*Mr. Henry L. Slobodin,* of New York, for the petitioner.

*Mr. Edward P. Stout,* for the defendant.

STEVENSON, V. C.

It was the second marriage of each. Both were in middle life. The wife had property. The husband apparently had only his capacity to earn wages at his trade. Quarrels soon occurred. The husband, apparently desired to get possession of his wife's property. Very soon the parties separated.

The case of the husband on his cross-petition in my judgment entirely fails. The only question, and it is a somewhat close one, is whether the petitioner consented to the separation —acquiesced in it to such an extent and with such a mind as to deprive the desertion of the husband of the element of obstinacy. In undertaking the solution of this problem I start with the conviction that the defendant, the husband, is utterly unreliable as a witness. His untruthfulness was manifested on the stand,

and his deposition as read from the printed page in respect of various matters is improbable if not incredible.

On the other hand, I was strongly impressed with the honesty and accuracy of the petitioner's testimony. She told her story just as she recollected the facts without regard to whether what she said helped or hurt her cause. The doubtful feature of the petitioner's case above referred to is disclosed ·by her own testimony.

Although I followed the testimony of the witnesses closely I found it necessary to have the entire testimony written out by the stenographer. This testimony I have perused with care.

My conclusion is that the consenting mind of the petitioner was caused by the violation of duty on the part of the defendant—that the petitioner would have been willing to live with the defendant if he had done his duty. A wife is not to be blamed for acquiescing in the separation from her of a husband who shows her that he married her in order to plunder her, beats her and treats her otherwise with cruelty. *Smith* v. *Smith, 55 N. J. Eq. 222; Wilson* v. *Wilson, 66 N. J. Eq. 237; Martin* v. *Martin, 78 N. J. Eq. 423; Kip* v. *Kip, 78 Atl. Rep. 682.*

A decree *nisi* in favor of the petitioner will be advised.